Good morning, your honors. May it please the court. I am Jamie Hawk. I represent Mr. Smith in this matter. I'd like to reserve five minutes for rebuttal. There are two issues presented in this case. I will focus on the second issue, the sentencing issue, unless the court directs otherwise. Mr. Smith's position is that the Florida conviction in question is categorically not a crime of violence under U.S. Sentencing Guideline 4B.1.2. There are two ways for an offense to be a crime of violence under 4B.1.2. The first prong being the offense having an element of use or threatened use of physical force. Or the second prong, the so-called otherwise or catch-all clause that United States VA has set forth some analysis and a bright-line test to be applied. In this case, the Florida... Before you get there, I just want to make sure. I read your brief, and I just want to make sure that I got to the same point. You are really agreeing, then, if the defendant has been convicted of unlawful possession of a firearm and ammunition, that the base offense would be 20 if he was previously convicted of a crime of violence. That's correct, your honor. You're agreeing with that? Yes. So we're really, on this issue, we're really down to, is this a crime of violence? Yes, your honor. I just want to make sure, because it seemed like you said that in your brief, but I wanted to make sure, because we don't want to worry about the 20. We want to worry about crime of violence. Yes, your honor, that's absolutely correct. All right. In the event that the court held that the Florida offense is not a crime of violence, then the applicable... 20. Yeah, then we'd be at 14. Right. Yes, your honor. So, your honors, looking at the first and second prongs of 4B1.2, our position is that under the first prong, this offense is missing the element of force. Therefore, it cannot be a crime of violence under the first prong of 4B1.2. And under the second prong, it does not qualify either under the otherwise clause. In light of United States v. Begay, which held that such offense must be violent, aggressive, and purposeful. Your honors, the district court correctly concluded that the Florida statute is categorically not a crime of violence. However, the district court erroneously applied the modified categorical approach and concluded that the Florida offense qualified as sexual abuse of a minor and was therefore a per se crime of violence under 4B1.2. And the district court relied on law that is no longer good in light of United States v. Begay. But v. Begay really didn't analyze this particular statute, did it? That's correct, your honor. And if we look at the holding in Begay, the provision in Begay was really about a New York, or excuse me, a New Mexico SUI statute, right? Yes. So how do I consider the Begay in this particular matter? I mean, we're in a different kind of a situation here than Begay. And the government's real argument is holding in Begay is narrow. And we don't have Begay here. We have a different statute. So why is this different? Thank you, your honor. I think that United States Begay really sets forth a bright-line test when interpreting the second prong of 4B1.2 and looking at the otherwise or catch-all clause. The court very specifically delineates that the offense must be similar in kind and degree as the enumerated offenses under 4B1.2, which are burglary, arson, use of explosives, and extortion. So I think that this court and other circuits over many years, there's been a lot of interpretation of the second prong of 4B1.2. And I think United States Begay really provides a very straightforward, bright-line test when looking at underlying state offenses to determine whether or not they qualify as a crime of violence. They must be aggressive, violent, and purposeful, and similar in risk and degree to the enumerated offenses contained there. However, in United States v. Mayor, we held the law does not require us every conceivable factual offense covered by a statute to present a serious potential risk of physical injury. And we quoted James. So why have I got to get there? I'm not sure I understand your question, your honor. Well, what I'm saying is you're suggesting what I'm trying to do is say we're trying to look at by its nature presented a serious potential risk of physical injury to another. That's what we're really looking at. And you're saying that Begay says we're past that on a categorical basis. Yet on United States v. Mayor, we didn't suggest that. We didn't have to have every potential crime. It just had to be the general nature of the crime. Yes, your honor, but I think Begay holds that when analyzing an underlying conviction or offense, there are enumerated offenses contained under that second prong of 4B1.2, burglary, arson, extortion, and use of explosives. And the court held that it must be similar in kind and risk to those enumerated offenses. Instead of just being this very broad catch-all, so that any offense that presents any form of physical risk of injury to another person, that it can fall underneath this catch-all provision. I think that Begay sets forth a very clear bright-line test that it must be purposeful, violent, and aggressive, and that those enumerated offenses are there for a reason. Let me ask you this. Isn't your real problem, it stems from what Judge Smith was saying. But isn't it better, it's clearly identified by Judge Bea in his dissent in Asbury. Are you familiar with Asbury? Yes, your honor. Are you familiar with Judge Bea's dissent? Not as familiar with his dissent, I don't think. Isn't the problem that in our case law, we have incorporated into 4B1.2, our understanding of abuse of a child from 2L, what is it, 2L1? .2. We've incorporated, we've adopted it as part of 4B1.2. But 4B1.2 does not have the same language as 2L1.2. And Judge Bea says, well, our case law is kind of messed up. But nonetheless, we have interpreted it this way. And so we're stuck. And I don't know why, you know, even in light of Begay, which I think Judge Smith, as he points out, has a narrow ruling. I don't see how that can undermine how a three-judge panel like us can not follow our existing case law. Of Asbury and Wood. Yes. Yes, your honor. So why, I mean, you haven't really answered that. Your honor, our position is that Begay really overrules Wood. How can you say that? Well, and your honor has pointed out another issue in this case, which is we have 2L1.2 and 4B1.2. And there is different language. And, for example, 2L1.2. But we interpreted, we applied the definition from 2L1.2 into 4.1 to whatever it is. Yes. And we're bound by that. Asbury, that's the problem. Yes, your honor. We pulled out mayor. We did similar stuff. I was a mayor judge, so that's why I knew. And as this court has recently held just five weeks ago in Christensen, and there was some dicta and a footnote in that case, that maybe Asbury is no longer good law. And in Christensen, this court held that statutory rape is categorically not a crime of violence. Statutory rape is entirely a different crime than what we're talking about here. And we're looking at the charging documents and the plea agreement, which incorporated the arrest report. And that's clearly not within the classic definition of statutory rape as we described in the strata. Actually, your honor, in my analysis of this Florida statute, I think it really is Florida's. We're talking categorical. I'm talking a modified categorical approach. And looking at the documents, this is not statutory rape. Your honor, our position is that the modified categorical approach does not apply in this case, that categorically this is not a crime of violence and is missing the element of force. The modified categorical approach cannot be applied to add a missing element, as this court has held in Navarro-Lopez, as well in Estrada-Espinoza, related to whether a sexual abuse of a minor is a crime of violence. So our position is that we don't get to the modified categorical approach, because this statute is missing an element of force. And in analyzing the Florida statute, we would agree that it can be an overbroad statute. It really is the statutory rape statute for Florida, when you look at the different prongs of the statute. And even the charging document, your honors, in this case, that without committing the crime of sexual battery, that's what Mr. Smith was charged with. I know the government contends that, well, maybe this is sexual battery. We don't know exactly which prong. Well, the arrest report says sexual battery, and your client adopted the arrest report as the factual basis for his plea agreement. Your honor, there were two other counts of sexual battery that were dismissed. And the third count is what Mr. Smith pled to. And the information clearly states, without committing the crime of sexual battery. That's the information. It's not what he pled. Factual basis for a plea. And there's a check mark. The arrest report, which is part of the court record filed with the clerk of the court, is hereby incorporated by reference and agreed by the defendant as the factual basis for the plea. Yes, your honor. And our position is that we don't even get to the modified categorical approach in this case. We don't apply the modified categorical approach, because categorically, this is not a crime of violence. No, let her save her time. Okay, thank you. May it please the court. George Jacobs on behalf of the United States Attorney's Office. The government believes that Judge Van Sickle made the correct decision. He correctly applied the modified categorical approach in determining that the Florida conviction, in this case, constituted a per se crime of violence under the advisory sentencing guidelines. Now that statement doesn't really, I don't really follow that statement. Your honor. So what he did, or my understanding of the analysis is that categorically, it's not a crime of violence. That is correct, your honor. Okay, so you have to look at the way in which we've read 2.1L into 4.12. Yes, your honor. And when you do that, then you can say, well, it fits within the enumerated abuse of a minor crime or offense. And this fits, the Florida statute fits within that. So we're just going to say it's per se a crime of violence. But it's overly broad because we know that in some circumstances it can't, it doesn't have the element of, I don't know, one of the elements. It's overly broad. Yes, your honor. So we have to look at the documents from the underlying conviction to see what exactly he was convicted of. And when you do that, it seems pretty clear that he was convicted of the offense of abuse of a minor. Yes, your honor, that is correct. And the precedent in this circuit, beginning with Pereira-Solmarin, Pereira-Solmarin being extended in the Granbois case, where sexual abuse of a minor does constitute a forcible sex offense and, therefore, a per se crime of violence. And if the court looks at the guidelines, the definition, there's a difference between the ACCA statute and 4B1.2. If you look at the commentary, note 1 to 4B1.2, it includes a list of other crimes that are not enumerated in the ACCA statute. And as the government argued in its briefing, the crime here, a forcible sex offense, it's not defined in the guidelines. It is considered in Gomez-Leon, I believe, and Bolanos-Hernandez, it's considered a nontraditional crime. And in determining what that means, this court in the past has ascribed its common, ordinary, and contemporary meaning to that term versus its generic meaning. And I understand counsel's argument that she argues that the modified categorical approach cannot be applied in this case, but she has selected 2241 as being the generic definition of this crime, and the United States disagrees with that position. Well, if it fits into the per se definition, then it, and if the documents establish abuse of a minor, that is the court documents, you don't really have to, we're not into the whole world of the elements. I mean, it satisfies, isn't that correct? Am I understanding that correctly? That is correct, Your Honor. And the court records that the United States provided to the district court at the sentencing and is tendered to the court on appeal, the United States believes that that clearly under the modified categorical approach constitutes a. . . Now, how do you respond to counsel's argument that Begay somehow or other undermines our case law and that. . . Your Honor. . . Beya argued in his dissent in Asbury. Begay was, as Judge Smith pointed out, Begay was limited to a strict liability crime, the DUI statute in New Mexico. Moreover, Mr. Begay had 12, he also, it was an ACCA case. This is not an ACCA case. The United States, the court, the Supreme Court in Begay, as I recall, clearly indicated that its holding was narrow and it was limited to the New Mexico DUI statute. We don't have the New Mexico DUI statute at issue in the Smith case. It's apples and oranges. And so Begay does not control the outcome of this case. Here it's a guidelines issue. It's a nontraditional offense. It's not an ACCA case where you have a defendant that's looking at a mandatory minimum 15-year term of imprisonment. So the cases are very distinguishable, Your Honor. Thank you. Thank you, counsel. Thank you. I have no other questions. Your Honors, this case, the underlying Florida offense in this case is, as Estrada Espinoza sets forth, is not sexual abuse of a minor. Estrada Espinoza controls and tells us what the generic offense of sexual abuse of a minor is and sets forth the four requisite elements, one being an age difference of at least four years between the victim and the defendant, which clearly doesn't exist in our Florida statute. Second, Your Honors, the- You're reading Estrada to say it's not, if it's statutory rape, it's not categorically a crime of violence, but if you're having forcible sex with someone who's under 14 or 16, that's perfectly okay? No, of course not, Your Honor, but it must meet the definition. Where does it come in, then? Forcible sex offenses. The crime that your client committed. I'm looking at the documents of record. Your Honor, the offense, under 201.2, we have the enumerated offense as a statutory rape, sexual abuse of a minor, or forcible sex offense. Under 4B1.2, we only have the enumerated offense of forcible sex offense. And I know that the court has, through Granbois and Piera Salmarone and relying on Wood, has sort of incorporated this analysis over to 4B1.2. And our position is that that was pre-Begay, and that Begay really overrules Wood in those cases. I'm looking at Christensen that this court recently held. Pretty broad reading to Begay to make that argument. Well, Your Honor, I think it's a pretty clear, bright-line test that the enumerated offenses under 4B1.2, that any offense that this court's going to hold as a crime of violence under that second prong of 4B1.2 must be similar in risk and degree to those enumerated offenses. It must be purposeful, aggressive, and violent. And we can't conclude that this offense, and what we have in the record related to this Florida offense, meets that definition. And therefore, it's categorically not a crime of violence. And even applying the modified categorical approach is not a crime of violence. It's not sexual abuse of a minor. It's not statutory rape. And it's not forcible sex offense. It's missing an element of force. And we can't apply the modified... If this young child consented that he wasn't forced by your client to act with which your client was charged... Your Honor, may I respond? Yes, you may. My time was up. No, Your Honor, we're not saying that. But what we are saying is that we are to look at the elements of the statute. And there is no element of force in the statute. Therefore, we can't add that element. We can't look to the underlying facts to add the element. We understand your argument. Thank you, counsel. Thank you. The case of United States v. Smith will be submitted.
judges: Wardlaw, Paez, Smith N. R.